UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 18-135

LIONEL THOMAS                                SECTION: "J"

## ORDER AND REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 54)** filed by Petitioner, Lionel Thomas. The Government filed an opposition thereto. (Rec. Doc. 57). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND[1]

On August 2, 2018, Petitioner pled guilty pursuant to a plea agreement to violations of 21 U.S.C. § 841(a)(1) & (b)(1)(B), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c)(1)(A). On April 4, 2019, the Court sentenced Petitioner to 120 months in prison, which was the mandatory minimum. (Rec. Doc. 52). At the conclusion of his sentencing, the Court also advised Petitioner that any appeal would "have to be filed within 14 days of today," which Petitioner stated he understood. (Rec. Doc. 57-1, at p. 11).

---

[1] Facts taken from the Government's Opposition. (Rec. Doc. 57).

On August 4, 2020, Thomas filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner argues that he received ineffective assistance of counsel because he asked his attorney to file a notice of appeal, but his attorney failed to file despite his request. Specifically, Petitioner alleges that he wanted to appeal his sentencing due to concerns regarding drug amounts, the First Step Act, mandatory minimum and maximum sentences, his criminal history category, and *Dean v. United States*, 137 S. Ct. 1170 (2017). Petitioner now asks this Court to reinstate his appellate rights or set an evidentiary hearing regarding his appellate rights.

## LEGAL STANDARD

§ 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id*. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction.")

## **DISCUSSION**

All § 2255 petitions must be filed within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the governmental

3

impediment to filing a motion in violation of the Constitution or laws of the United States is removed; (3) the date on which the newly-recognized right asserted was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. § 2255(f). Convictions become final upon the expiration of the 14-day period for filing the direct appeal. *U.S. v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In this case, Petitioner was sentenced on April 4, 2019, so his conviction became final after the deadline to file a notice of appeal, April 18, 2019, had passed. Petitioner's motion to vacate was not filed until August 4, 2020. Accordingly, over one year had passed between when Petitioner's conviction became final and when Petitioner filed the instant § 2255 motion, and thus, Petitioner's § 2255 motion is time barred unless he demonstrates that he is entitled to equitable tolling.

A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling only applies when the limitation on library access "actually prevented [the prisoner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Petitioner argues that he would have timely submitted his § 2255 if not for the lockdown at FCI Yazoo City Medium in response to the COVID-19 pandemic. (Rec. Doc. 54-1, at p. 3). However, Petitioner had access to a

law library until less than a month before his one-year period to file his § 2255 motion expired. (Rec. Doc. 57, at p. 4).

Before the COVID-19 pandemic, another section of this Court previously held that temporary lack of access to a law library alone is insufficient to warrant equitable tolling. *See United States v. Preston*, No. CR 12-138, 2019 WL 5150949, at *2 (E.D. La. Apr. 8, 2019) (Vance, J.) (refusing to toll when library access was limited during the eighth month of the § 2255 one-year period because the prisoner admitted that he had some access to the library before the one-year period expired); *see also United States v. Johnson*, No. 4:16CR69(1), 2018 WL 2939496, at *2 (E.D. Tex. June 11, 2018) ("[G]enerally, neither Defendant's time in state custody, nor the prison lockdown, considered independently or in conjunction, constitutes one of those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)). During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns. *See, e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, No. 4:16-CR-3077, 2020

WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued"). On the other hand, courts have found that prisoners were entitled to equitable tolling when presented with evidence showing that the prisoners' diligent pursuit of their right to file a § 2255 motion had been interrupted by the COVID-19 pandemic. *See Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *2 (D. Ariz. June 22, 2020) ("Petitioner asserts that despite prompt requests for records related to his case and personal background, including court records, educational, employment, military, vital, court, institutional, and medical and mental health records, some requests remain unfulfilled. . . . Petitioner's assertion that COVID-19 is interfering with his ability to investigate his claims is supported by declarations from members of his defense team.").

Petitioner has failed to provide any explanation for why he could not have filed his § 2255 motion during the first eleven months of his sentence. Additionally, Petitioner has presented no evidence that he diligently pursued his right to file the instant § 2255 motion prior to the COVID-19 pandemic. Although Petitioner alleges that he "wrote the clerk" in February of 2020 to seek a stay and documents for his case, there is no record of such a letter in the docket. (Rec. Doc. 54-1, at p. 3). Therefore, the Court finds that Petitioner did not diligently pursue his right to file the instant § 2255 motion, and thus, he is not entitled to equitable tolling.

Based on the foregoing, the Court finds that Petitioner fails to satisfy any of the prongs enumerated by § 2255(f) or that he is entitled to equitable tolling, and his application for relief is, therefore, untimely.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 54)** is **DENIED.**

New Orleans, Louisiana, this 8th day of December, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE